Lois A. Benson, nee Lois A. Berkove v. Commissioner.
Benson v. Commissioner
Docket No. 79068.
United States Tax Court
T.C. Memo 1961-207; 1961 Tax Ct. Memo LEXIS 140; 20 T.C.M. (CCH) 1037; T.C.M. (RIA) 61207; July 14, 1961
*140 Held, that petitioner has not established error in respondent's determination that she is taxable upon one-half of the community income earned by her former husband during the period from January 1, 1955, to September 12, 1955, when they entered into a property settlement agreement terminating the marital community. Respondent's determination is accordingly approved. Howard R. Benson, Esq., County Court House, Oakland, Calif., for the petitioner. Donald G. Daiker, Esq., for the respondent. PIERCE Memorandum Opinion PIERCE, Judge. Respondent determined a deficiency in income tax against the petitioner for the calendar year 1955, in the amount of $928.13. No return was filed by petitioner for the year involved. The only question presented for decision is whether petitioner is liable for income tax on one-half of *141 the income earned by her former husband between January 1, 1955, and September 12, 1955, when petitioner and her former husband entered into a property settlement agreement terminating their marital "community." The facts were stipulated, and they are hereby so found. The stipulated facts are as follows: 1. From January 1, 1955, to September 12, 1955, petitioner was married to Sherwood I. Davis, and was known as Lois A. Davis. 2. On or about September 12, 1955, Sherwood I. Davis and petitioner entered into a property settlement agreement. Parts of the agreement affecting the tax question before this Court are paragraphs III and V, as follows: "III. As a further division of the property of the parties, and as an integral and inseverable part of such division, and not by way of alimony, the Husband will pay to the Wife, in addition to any other payments provided for by this agreement, the further and additional sum of Five Thousand Four Hundred Dollars, payable at the rate of One Hundred Fifty Dollars per month, beginning with the 15th day of September, 1955, and continuing until the entire sum of $5,400.00 shall have been paid. Payments shall be made on such dates in each *142 month as the parties may from time to time agree upon, and in default of such agreement shall be made $75.00 on the 1st day of each month and $75.00 on the 15th day of each month. "V. All of the earnings and acquisitions of either of the parties from and after the execution of this agreement shall be the sole and separate property of the party earning or acquiring the same." 3. Petitioner and Sherwood I. Davis were subsequently divorced and the interlocutory judgment and decree of divorce was entered on March 23, 1956. Incorporated therein and approved were the above-quoted paragraphs of the property settlement agreement. 4. During the period January 1, 1955, to September 12, 1955, the sum of $10,877.92 was earned by petitioner's former husband, Sherwood I. Davis. 5. No part of the income earned by Sherwood I. Davis between January 1, 1955, and September 12, 1955, was reported as taxable income by petitioner. The respondent, in his statutory notice of deficiency determined: (a) No income tax return was filed by you for the taxable year 1955. It has been determined that community income in the amount of $10,877.92 was earned by your former husband, Sherwood I. Davis, during *143 the period January 1, 1955 to September 12, 1955, and that one-half thereof ($5,438.96) is properly reportable by you on a separate return for the taxable year 1955. Section 61, Internal Revenue Code of 1954. Petitioner's counsel stated in his brief that: If, for the sake of argument only, we were to assume that Petitioner and her former husband were domiciled in California during 1955, and that his earnings were their community property, then we must concede, that for the purpose of computing the tax, one half of his earnings could be imputed to Petitioner. But counsel further stated in the concluding paragraph of his brief: there is no showing on the record that the petitioner or her former husband were residents of or domiciled in the State of California during the 1955 tax year. There is no showing on the record that the earnings of Dr. Davis [petitioner's former husband] constituted community property of Dr. Davis and Petitioner, so that there is no legal basis for imputing one half of Dr. Davis's earnings to Petitioner. * * * Petitioner's counsel has misconceived where the burden of proof lies in this case. The respondent determined that "community *144 income in the amount of $10,877.92 was earned by your former husband, Sherwood I. Davis, during the period January 1, 1955 to September 12, 1955." That determination carries with it the necessary implication that petitioner and Davis were residents of a community property state. Said determination is presumptively correct; and the burden was on petitioner to show error therein. Thus, if said income was not community property or if petitioner and Davis were not residents of a community property state, then it was petitioner's task to establish these facts by appropriate and competent evidence. This the petitioner has not done. We hold that petitioner has wholly failed to establish any error in respondent's determination; and such determination is accordingly approved. Decision will be entered for the respondent.